# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00965-COA

**RAY JORDAN A/K/A RAY C. JORDAN**                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2023 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | RICHARD EARL SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/15/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     In July 2023, a Warren County jury convicted Ray Jordan of shooting into a dwelling in violation of Mississippi Code Annotated section 97-37-29 (Rev. 2020).[1]  The trial court sentenced Jordan to ten years in the custody of the Mississippi Department of Corrections (MDOC), with one year suspended and nine years to serve, followed by one year of post-release supervision.  Jordan filed a motion for a judgment notwithstanding the verdict or,

---

[1] Jordan was indicted for aggravated domestic violence, aggravated assault, and shooting into a dwelling. The trial jury acquitted Jordan of aggravated assault, and the jury was unable to reach a verdict on the aggravated domestic violence charge.  Jordan's conviction of shooting into a dwelling is the subject of this appeal.

alternatively, a new trial. After the denial of his post-trial motion, Jordan appealed.

¶2.     Jordan's appointed appellate counsel filed a brief consistent with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating that counsel found no arguable issues for appeal. This Court issued an order allowing Jordan forty days to file a pro se supplemental brief. Jordan failed to file a supplemental brief. After an independent and thorough review of the record, we agree that there are no arguable issues for appeal. Accordingly, we affirm Jordan's conviction and sentence.

## FACTS

¶3.     In late June 2022, Jordan shot into the home he shared with his wife, Lindsey Jordan. Lindsey called 911 to report that her husband was drunk and that she heard gunshots outside of her home. Lindsey initially informed the 911 operator that she believed Jordan shot himself. However, while she was still on the phone with the operator, Lindsey observed Jordan leave the home in a Dodge truck, and she described the truck to the operator.

¶4.     Deputies with the Warren County Sheriff's Department responded to Lindsey's 911 call. The deputies recovered Jordan's cell phone, gun, and shell casings from the front yard of the Jordans' home. An investigator with the sheriff's department observed where a bullet had entered the home and found a spent projectile in the kitchen. The Warren County Sheriff's Department issued an arrest warrant for Jordan, and he was arrested the next morning.

¶5.     Jordan was indicted for aggravated domestic violence, aggravated assault, and

shooting into a dwelling. A jury trial was held on July 10-12, 2023. Lindsey and Jordan both testified at trial. The jury also heard testimony from a forensic scientist from the Mississippi Forensics Laboratory, the officers from the Warren County Sheriff's Department who responded to the 911 call and conducted the investigation, and the Jordans' neighbor.

¶6. At trial, Lindsey testified that she and Jordan had argued during the night in question. Jordan accused Lindsey of hiding the keys to his truck, and he grew angry and walked out of the house. Lindsey testified that shortly after Jordan exited the house, she heard gunshots. Upon hearing the gunshots, Lindsey ran to retrieve her daughter from her bedroom. As Lindsey exited the bedroom with her daughter, she saw "white stuff falling from the ceiling." At that point, Lindsey realized that someone had fired a gun into the house, so she called 911 and ran to a neighbor's house to wait for officers to arrive.

¶7. Jordan testified in his own defense and denied firing any shots. Jordan stated that on the night of the incident, he was moving items out of the bed of his truck when he heard gunshots. Jordan stated that he often heard shots in the area and did not think anything about it.

¶8. The jury ultimately acquitted Jordan of aggravated assault and was unable to reach a verdict on the aggravated domestic violence charge. However, the jury convicted Jordan of shooting into a dwelling in violation of section 97-37-29. The trial court sentenced Jordan to ten years in the custody of MDOC, with one year suspended and nine years to serve, followed by one year of post-release supervision, a $5,000 fine, and drug and alcohol

3

treatment while incarcerated. After the denial of his post-trial motion, Jordan appealed.

## DISCUSSION

¶9. The Mississippi Supreme Court has stated that when appellate counsel determines the record shows no appealable issues, counsel must follow the procedures outlined in *Lindsey*:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

(2) As part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (citations and footnotes omitted).

¶10. Upon review of the Appellant's brief, we find that Jordan's counsel complied with the requirements set forth in *Lindsey*. Jordan's appellate counsel states that she considered and

4

reviewed the following: (a) the reason for the arrest and the circumstances surrounding Jordan's arrest; (b) any possible violations of Jordan's right to counsel; (c) the entire trial transcript and contents of the record; (d) all rulings of the trial court, specifically, the rulings on various defense counsel objections, including objections made by defense counsel that were properly sustained; (e) possible prosecutorial misconduct; (f) all jury instructions, including those requested by defense counsel and denied by the trial court; (g) all exhibits, whether or not admitted into evidence; (h) possible misapplication of the law in sentencing, including the constitutionality of Jordan's sentence; (i) the indictment and all of the pleadings in the record; (j) any possible ineffective assistance of counsel issues; (k) any potential discovery violations; and (l) any potential speedy trial violations.

¶11.    Jordan's appellate counsel confirmed that after undergoing this review, determining that there were no arguable issues, and preparing the *Lindsey* brief, she sent a copy of her brief to Jordan. She advised Jordan that she found no arguable issues in the record and that Jordan had the right to file a pro se brief. This Court granted Jordan forty days to file a pro se supplemental brief, which Jordan did not file.

¶12.    This Court has also independently and thoroughly reviewed the record. We find that there is sufficient evidence to support Jordan's conviction, there are no arguable issues that require supplemental briefing, and there are no issues that warrant reversal. *Jackson v. State*, 335 So. 3d 620, 623 (¶11) (Miss. Ct. App. 2022). We therefore affirm Jordan's conviction and sentence.

5

¶13.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.  McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**